**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stonney Biddings, | No. CV-20-00037-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Eric Frias, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 53.) Defendants did not file a Response, and the time for doing so has expired. For the following reasons, the Court grants Plaintiff's Motion.

**I.     Background**

On January 23, 2020, Plaintiff Stonney Biddings, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed through counsel a civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) In his Complaint, Plaintiff alleges, among other things, sexual abuse and retaliation from staff at the Arizona Department of Corrections Tucson Complex while he was housed there. (*Id.*) On February 28, 2020, the Court ordered Defendants Eric Frias, Captain Baker, and Sergeant Segura to answer the Complaint or respond by appropriate motion. (Doc. 7.) All three Defendants answered the Complaint. (Docs. 9 and 18.) On September 15, 2020, the Court issued a Scheduling Order setting September 28, 2020 as the deadline for joining parties and amending pleadings. (Doc. 16.)

## II. Discussion

In his Motion—filed on May 26, 2021—Plaintiff seeks leave to file a First Amended Complaint ("FAC") (currently lodged at Doc. 54), arguing that he satisfies the standards set forth in Rules 15 and 16 of the Federal Rules of Civil Procedure to amend his original complaint at this stage in the proceedings. (Doc. 53.) In his proposed FAC, Plaintiff seeks to join Juli Roberts, the Warden of ADOC's Tucson facility, as a defendant in this action and to add claims against her in both her individual and supervisory capacity for violating Plaintiff's Eighth Amendment rights. (*Id.* at 2.) Plaintiff avers that his new claims against Warden Roberts were recently discovered during discovery in this case and two other cases involving similar allegations by other incarcerated individuals of sexual abuse and retaliation by Defendant Frias. (*Id.* at 2; *see also* Doc. 1 in 19-CV-350 and Doc. 1 in 19-CV-351.) In all three cases, the plaintiffs are represented by the same attorneys and law firm; likewise, Defendant Frias is represented by the same attorney in each case, and the other defendants are represented by the same attorneys from the Arizona Attorney General's Office. *See* 19-CV-350 and 19-CV-351. Warden Roberts is a named defendant in 19-CV-350 and 19-CV-351.

Plaintiff alleges in the proposed FAC, in part, that: (1) Warden Roberts failed to adequately train and supervise prison officials, including Defendant Frias, on the standards set forth in the Prison Rape Elimination Act ("PREA") and the rights of inmates to be free from sexual abuse; (2) a PREA Audit, conducted in 2018 at ADOC's Tucson facility, found that the facility under Warden Roberts' control failed to comply with numerous PREA standards; (3) despite having express notice of the results of the PREA Audit, and notice of Defendant Frias' sexual abuse of inmates, Warden Roberts failed to make the required changes within the time allotted by the PREA Audit's corrective action plan, even eight months after the initial Audit; (4) Warden Roberts' inadequate training and supervision was the moving force behind Defendant Frias' sexual abuse of Plaintiff and demonstrated deliberate indifference to the rights of Plaintiff and other inmates to be free from sexual abuse by state actors while in the state's custody;

1 and (5) Warden Roberts encouraged Defendant Frias to resign rather than fire him. (Doc. 53 at 2, 7–8; Doc. 53-1 at 2, 8–10.)

A party seeking leave to amend his complaint after expiration of the deadline set forth in the court's scheduling order must first show good cause under Federal Rule of Civil Procedure 16(b)(4) as to why that deadline was not met; then, if good cause is shown, the party must additionally show that amendment is proper under Federal Rule of Civil Procedure 15(a). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citations omitted) ("[The] standard primarily considers the diligence of the party seeking the amendment.").

### A. Good Cause Under Rule 16(b)(4)

Plaintiff argues that good cause exists to amend his complaint, despite the deadline having expired, because the only deadline that will be adjusted in the Court's scheduling order is the deadline to amend the pleadings. (Doc. 53 at 5.) Plaintiff states that no further discovery is needed, as Warden Roberts' deposition has already been taken. (*Id.*) Additionally, Plaintiff argues that "the results of the PREA Audit and Warden Roberts' express knowledge thereof has only been recently discovered by [him]." (*Id.*) Lastly, Plaintiff argues that Warden Roberts will not be prejudiced in defending this lawsuit, as the factual record for any claim against her has already been fully developed and discovery is still ongoing in the aforementioned two cases and in the instant case. (*Id.*)

Under Rule 16(b)(4), good cause exists when the moving party demonstrates that he could not reasonably meet the deadline despite exercising due diligence. *Johnson*, 975 F.2d at 609. "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*. However, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." *Id*. "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*. If the party seeking the modification "was not diligent, the inquiry should end" and the request to modify the scheduling order should not be granted. *Id*.

To determine whether the moving party exercised diligence, "courts typically

consider the amount of time between the discovery of new information and when the party requested leave to amend." *Leibel v. City of Buckeye*, No. CV-18-01743-PHX-DWL, 2019 WL 4736784, at *2 (D. Ariz. Sept. 27, 2019) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002)).[1] "Allowing parties to amend based on [new] information obtained through discovery is common and well established, " *Fru-Con Const. Corp. v. Sacramento Mun. Utility Dist.*, No. CIV.S-05-583LKKGGH, 2006 WL 3733815, at *5 (E.D. Cal. Dec. 15, 2006); however, "new information alone is not good cause for modifying a scheduling order," *Story v. Midland Funding LLC*, No. 3:15-CV-0194-AC, 2016 WL 5868077, at *2 (D. Or. Oct. 7, 2016). That is, "[a] party must also show diligence in seeking amendment of the scheduling order." *Id*.

"Ideally, a party will move to amend within weeks of learning new information." *Id*. at *3; *see also Navarro v. Eskanos & Adler*, No. C 06-02231 WHA 3533039, at *2 (N.D. Cal. Dec. 7, 2006) (plaintiff showed diligence by seeking leave to amend her complaint approximately two weeks after learning the basis of her new claims). However, "[a] longer delay can still be consistent with diligence, depending on the circumstances of the delay." *Story*, 2016 WL 5868077, at *3. "Delay based on attempts to avoid unnecessary time and expense, such as pursuing settlement and avoiding unnecessary motions practice, is consistent with diligence." *Id*. (internal quotations omitted) (determining plaintiff was diligent despite a three-month delay between the discovery of new information and moving to amend because, during that time, she engaged in "ongoing settlement negotiations and [s]ought Defendants' stipulation to [the] amendment"). Moreover, delay based on attempts to obtain and review necessary records to assist in determining whether amendment should be pursued is likewise consistent with diligence. *See Leibel v. City of Buckeye*, No. CV-18-01743-PHX-DWL, 2019 WL 4736784, at *3 (D. Ariz. Sept. 27, 2019) (concluding that plaintiff was diligent despite a

---

[1] Courts may, "under case-specific circumstances," consider a party's diligence "before the deadline for amendments, between the deadline and the motion to amend, between the discovery of new information and the motion to amend, or in *all* of these time frames. *Aldan v. World Corp.*, 267 F.R.D. 346, 357 (D. N. Apr. 30, 2010). Given the circumstances in this case, the Court will focus on the third aforementioned time frame for purposes of evaluating the present Motion.

seven-week delay between his discovery of new facts and motion to amend, as he first sought to obtain and review the transcript of a deposition where the new facts were discovered).

Here, Plaintiff does not specify the exact date that he received the report of the PREA Audit. Instead, Plaintiff cites to his March 29, 2021 filing of the report in this case (Doc. 34-3) and a May 3, 2021 filing of it by Warden Roberts in 19-CV-350 (Doc. 64-2 in 19-CV-350). (Doc. 53 at 2, 5.) The Court will assume, without deciding, that Plaintiff discovered the PREA Audit report on or about March 29, 2021, which means Plaintiff waited approximately two months after the discovery of the report before moving to amend. Plaintiff does not specify the reason(s) for this delay; however, the Court notes that the report of the PREA Audit is 94 pages long and thus its review to first determine whether an amendment should be pursued is consistent with diligence. *See Leibel*, 2019 WL 4736784, at *3. Moreover, the Court finds that Plaintiff's engagement in the exchange of settlement offers in this case, as well as in 19-CV-350 and 19-CV-351 (*see* Doc. 72 in 19-CV-350), is likewise consistent with diligence. *See Story*, 2016 WL 5868077, at *3. Furthermore, the Court finds that the delay from late March to late May, during a period in which COVID-19-related restrictions at detention facilities remained in place, does not demonstrate a lack of diligence. *See Aldan v. World Corp.*, 267 F.R.D. 346, 358 (D.N. Apr. 30, 2010) (finding a plaintiff diligent where there was a month-and-a-half delay between discovery of new information and motion to amend because of circumstances within that period: "the holiday season"). Therefore, in light of the foregoing, the Court concludes that the delay between Plaintiff's discovery of the PREA Audit report and his filing of his motion to amend is consistent with diligence.

**B.     Leave to Amend Under Rule 15**

Plaintiff argues, first, that there is no bad faith or undue delay because he only recently discovered the new information involving Warden Roberts. (Doc. 53 at 6.) Second, Plaintiff argues that granting him leave to amend will not prejudice Warden Roberts, given that the factual record against her has already been developed and

- 5 -

discovery in the instant case is still ongoing. (*Id.*) Third, Plaintiff argues that his claims against Warden Roberts are not futile, as his proposed amended complaint has stated a claim against her in both her individual and supervisory capacity. (*Id.* at 7.) Lastly, citing Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure, Plaintiff argues that his amendment against Warden Roberts should relate back to the filing of his original complaint. (*Id.* at 9–10.)

District courts have discretion to determine whether to grant or deny leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15 of the Federal Rules of Civil Procedure "advises [] court[s] that 'leave shall be freely given when justice so requires.'" *Eminence Capital, LLC v. Aspeon, LLC.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Ninth Circuit has directed that the above-stated policy "be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); instead, in ruling on a motion to amend, a court must consider certain factors, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Eminence Capital*, 316 F.3d at 1052 (quoting *Foman*, 371 U.S. at 182). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). However, of these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. Therefore, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend. *Id.*

Here, the Court finds no evidence in the record indicating a wrongful motive on Plaintiff's part in moving to amend his complaint. *See Nutrition Distribution, LLC v. Enhanced Athlete, Inc.*, 2019 WL 1429549, at *2 (E.D. Cal. Mar. 29, 2019) ("A motion to amend is made in bad faith where there is 'evidence in the record which would indicate

a wrongful motive" on the part of the litigant requesting leave to amend.") (quoting *DCD Programs*, 833 F.2d at 187.) Instead, the record supports a legitimate motive on Plaintiff's part to identify an additional defendant and new claims for relief. Likewise, for the reasons discussed above, *see* discussion *supra* p. 5, the Court finds no evidence in the record indicating that Plaintiff unduly delayed his attempt to amend his complaint, as the new information discovered stems from results of a PREA Audit that were recently discovered. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating [] [undue delay] is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.").

Further, the Court cannot conclude that Warden Roberts and the other named defendants in this action will be prejudiced if Plaintiff's request for leave to amend is granted. First, Plaintiff filed the instant Motion while the case was still at the discovery stage, with no trial date pending and no pretrial conference scheduled. *See DCD Programs*, 833 F.2d at 187–88 (rejecting defendant's argument that it would be prejudiced by the delay in naming it to the suit; "there [was] no evidence that [the defendant] would be prejudiced by the timing of the proposed amendment," since "the case [was] still at the discovery stage with no trial date pending . . . [and no] pretrial conference [had] been scheduled"). Second, Plaintiff states that the factual record against Warden Roberts is "fully developed." *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (suggesting that it is less prejudicial when a motion to amend does not require reopening discovery). Defendants have not responded to Plaintiff's Motion nor shown how granting Plaintiff's request for leave to amend prejudices them in any way. *See DCD Programs*, 833 F.2d at 187 (the non-moving parties "bear[] the burden of showing prejudice").

Moreover, the Court does not find Plaintiff's proposed amendment to be futile, as the facts alleged therein state valid claims against Warden Roberts in both her individual and supervisory capacity. *See Miller v. Rykoff,-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("[A]

proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."); *see also Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1085 (9th Cir. 2013) ("[A] prison official in a supervisory position may be held liable under § 1983 if [she] was personally involved in the constitutional deprivation or a sufficient causal connection exists between [her] unlawful conduct and the constitutional deprivation. This causal connection can include: 1) the supervisors' own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) their conduct that showed a reckless or callous indifference to the rights of others." (internal quotation marks, alterations, and citations omitted)). Furthermore, the Court notes that Plaintiff has not previously moved to amend his complaint. Therefore, the Court concludes that granting leave to amend is appropriate under the liberal standard of Rule 15, as all five of the above-listed factors favor amendment. As such, the Court grants Plaintiff's request for leave to amend his complaint, and will order the Clerk of Court to file Plaintiff's FAC.

**III.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must dismiss a complaint or any portion of it if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, it does "demand[] more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

As discussed above, Plaintiff's FAC states valid claims against Warden Roberts in her individual and supervisory capacity, and the Court will accordingly require Warden Roberts to answer the FAC.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 53) is **granted**. The Clerk of Court is directed to file Plaintiff's First Amended Complaint ("FAC") (currently lodged at Doc. 54).

**IT IS FURTHER ORDERED** that Plaintiff must serve Defendant Warden Roberts or seek a waiver of service. If Plaintiff does not obtain a waiver of service of the Summons or complete service of the Summons and Complaint on Defendant Roberts within 90 days of the filing of the FAC, the action may be dismissed as to Defendant Roberts. Fed. R. Civ. P. 4(m).

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that Defendants shall answer or otherwise respond to the FAC within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure. Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 30th day of July, 2021.

_____
Honorable Rosemary Márquez
United States District Judge